**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF KENTUCKY**
**AT LOUISVILLE**
**CIVIL ACTION NO. 3:14CV-P98-H**

**DAVID LEWIS BENTON, SR.**                                                                 **PLAINTIFF**

**v.**

**LOU, METRO POLICE DEPT & TRAFFIC DIV.**                              **DEFENDANT**

**MEMORANDUM OPINION**

Plaintiff David Lewis Benton, Sr., filed this *pro se* action proceeding *in forma pauperis*.

This matter is now before the Court on initial review of the complaint pursuant to 28 U.S.C.

§ 1915(e) and *McGore v. Wrigglesworth*, 114 F.3d 601 (6th Cir. 1997), *overruled on other*

*grounds by Jones v. Bock*, 549 U.S. 199 (2007).  For the reasons that follow, the instant action

will be dismissed.

**I.**

Plaintiff filed the complaint on a general complaint form naming as Defendant "Lou,

Metro Police Dept. & Traffic Div."  As his statement of the claim, Plaintiff states, "The

Defendant was requested to forfeit information of an accident in the year of 2006 and did not

untill the year of 2009 – The requestor was the Plaintiff and was the other involved person in a

property damage accident."  Plaintiff subsequently filed an amended complaint.  In the amended

complaint, where asked to state the grounds for filing this case in federal court, Plaintiff states as

follows:  "Violations of:  KRS, 519.060-522.050-65A.070 95.015-524.100-519.020-522.020-

367.170-2 * Bill of Rights; Sections: 1-7-14 * US Bill of Rights: 1-3-4-5-6- * US Fed. Codes 29

USC § 1109-18 USC 246-42 USC § 1983."  As his statement of the claim in his amended

complaint, Plaintiff states, "Information needed for a resolve of property damage case was withheld and released after statu[t]e of limitation was arrived."

Plaintiff attaches to the amended complaint what appears to be the first page of a complaint he filed against "Louisville Metro Police Department/LMPD Records" in Jefferson Circuit Court. That complaint states that Plaintiff was in a car accident on March 7, 2006, which was witnessed by a patrol officer. He received the police report on October 5, 2009, but the report did not contain the officer's name or badge number. On November 14, 2009, he was struck by an automobile and was not able to gather information on the driver. He acquired the police report on October 3, 2011, and he filed an action seeking relief for medical and other costs.

**II.**

Because Plaintiff is proceeding *in forma pauperis*, this Court must review the instant action. 28 U.S.C. § 1915(e); *McGore*, 114 F.3d at 608-09. Upon review, the Court must dismiss a case at any time if it determines that an action is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. *See* 28 U.S.C. § 1915(e)(2)(B). This Court recognizes that *pro se* pleadings are to be held to a less stringent standard than formal pleadings drafted by lawyers. *Haines v. Kerner*, 404 U.S. 519 (1972); *Jourdan v. Jabe*, 951 F.2d 108, 110 (6th Cir. 1991). However, the duty "does not require us to conjure up unpled allegations." *McDonald v. Hall*, 610 F.2d 16, 19 (1st Cir. 1979).

**A.      Federal claims**

**29 U.S.C. § 1109**

Plaintiff alleges a violation of 29 U.S.C. § 1109. This statute is part of the United States Code dealing with the Employee Retirement Income Security Program. The Court cannot discern any relevance of this provision to the facts alleged by Plaintiff. Therefore, this claim will be dismissed for failure to state a claim.

**18 U.S.C. § 246**

Plaintiff also cites 18 U.S.C. § 246, a federal criminal statute which provides:

> Whoever directly or indirectly deprives, attempts to deprive, or threatens to deprive any person of any employment, position, work, compensation, or other benefit provided for or made possible in whole or in part by any Act of Congress appropriating funds for work relief or relief purposes, on account of political affiliation, race, color, sex, religion, or national origin, shall be fined under this title, or imprisoned not more than one year, or both.

Once again, the Court cannot discern any relevance this statute has to the facts alleged. In any event, Plaintiff as a private citizen may not enforce the federal criminal code. *Cok v. Cosentino*, 876 F.2d 1, 2 (1st Cir. 1989) (per curiam); *Abner v. General Motors*, 103 F. App'x 563, 566 (6th Cir. 2004). Accordingly, this claim will be dismissed for failure to state a claim.

**Bill of Rights and 42 U.S.C. § 1983**

Plaintiff alleges a violation of the Bill of Rights and 42 U.S.C. § 1983. A claim for violation of constitutional rights must be brought under 42 U.S.C. § 1983. *See Thomas v. Shipka*, 818 F.2d 496, 500 (6th Cir. 1987), *vacated and remanded on other grounds*, 488 U.S. 1036 (1989) ("[I]t is unnecessary and needlessly redundant to imply a cause of action arising directly under the Constitution where Congress has already provided a statutory remedy of equal effectiveness through which the plaintiff could have vindicated her constitutional rights.").

Therefore, the Court will construe Plaintiff's claim alleging a violation of the Bill of Rights as brought under § 1983.

The statute of limitations for § 1983 actions is governed by the limitations period for personal-injury cases in the state in which the cause of action arose. *Wallace v. Kato*, 549 U.S. 384, 387 (2007). In Kentucky, § 1983 actions are limited by the one-year statute of limitations found in Ky. Rev. Stat. § 413.140(1)(a). *Collard v. Ky. Bd. of Nursing*, 896 F.2d 179, 182 (6th Cir. 1990). Although state law establishes the statute of limitations for § 1983 actions, federal law controls on the issue of when the statute of limitations begins to run. *Sevier v. Turner*, 742 F.2d 262, 272 (6th Cir. 1984). Federal law establishes that the § 1983 statute of limitations accrues when the plaintiff knew or should have known of the injury that forms the basis of the claim alleged in the complaint. *Ruff v. Runyon*, 258 F.3d 498, 500 (6th Cir. 2001). When the face of the complaint shows that an action is time-barred, the case may be dismissed summarily upon initial screening. *Jones v. Bock*, 549 U.S. 199, 215 (2007).

According to the complaint, amended complaint, and attachment, Plaintiff was in the first car accident in 2006 and obtained the police report in 2009. He was involved in another accident in 2009 and obtained the police report in 2011. Therefore, it is clear that Plaintiff knew of the alleged injuries, at the latest, in 2011, well over one year before the complaint was filed in this action on February 4, 2014. Accordingly, the § 1983 claim is barred by the statute of limitations and will be dismissed for failure to state a claim upon which relief may be granted.

**B.      State-law claims**

Because Plaintiff's federal claims will be dismissed, the Court declines to exercise its supplemental jurisdiction over his state-law claims. *See* 28 U.S.C. § 1367(c)(3). Those claims will be dismissed without prejudice.

A separate Order dismissing the action will be entered consistent with this Memorandum

Opinion.

Date:

cc:     Plaintiff, *pro se*
        Defendant
4412.010